OAO91 (Rev. 12/03) Criminal Complaint

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

# UNITED STATES DISTRICT COURT

AUG 2 2 2014

Middle DISTRICT OF Tennessee

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA
V.

LAZARO MICHEL DIAZ, ALONIS PEREZ, a/k/a
ALIONY PEREZ, and LUIS ALBERTO
RODRIGUEZ-HERNANDEZ

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: 14-mj-1119

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about August 7-10, 2014 in Davidson County, in the Middle District of Tennessee and elsewhere defendant(s) did,

(Track Statutory Language of Offense)
did unlawfully, knowingly and intentionally transport in interstate commerce from Leawood, Kansas to Nashville, Tennessee, stolen goods, wares and merchandise, that is hundreds of pairs of sunglasses, of the value of $5,000 or more, knowing the same to have been stolen.

in violation of Title 18 United States Code, Section(s) 2314 & 2.

I further state that I am a(n) Task Force Officer, FBI and that this complaint is based on the following facts:

See attached Statement in Support of Criminal Complaint incorporated herein.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_____
Signature of Complainant

Darren J. Barnes, Task Force Officer, FBI
Printed Name of Complainant

Sworn to before me and signed in my presence,

8/22/2014 at Nashville, Tennessee
Date                                            City                     State

Juliet E. Griffin     U.S. MAGISTRATE        _____
Name of Judge        Title of Judge            Signature of Judge

# STATEMENT IN SUPPORT OF COMPLAINT

I, Darren J. Barnes, being duly sworn, do hereby state the following:

1. I have been in law enforcement for over twenty-two ("22") years. I am currently a Detective with the Franklin Police Department ("FPD") and also assigned to the Federal Bureau of Investigation ("FBI") Violent Crime/Gang Task Force ("VCGTF") in Nashville, Tennessee. I am currently deputized as a Special Federal Officer/Special Deputy United States Marshal. One of my duties is to investigate Interstate Transportation of Stolen Property and related matters in violation of Title 18, United States Code, Section 2314, ("§ 2314") occurring in the Middle District of Tennessee.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of Lazaro Michel Diaz ("DIAZ"), Alonis Perez, a/k/a Aliony Perez ("PEREZ"), and Luis Alberto Rodriguez-Hernandez ("HERNANDEZ") for Interstate Transportation of Stolen Property, in violation of 18 U.S.C. §§ 2314 and 2, in connection with the burglary, theft and transport of merchandise from the Sunglass Hut in Leawood, Kansas to Nashville, Tennessee, beginning on or about August 7, 2014, and continuing through on or about August 10, 2014.

3. The following information contained in this affidavit is based upon my personal participation in the investigation, my review of investigative reports and interviews of witnesses, and information provided to me by other law enforcement sources. Where conversations are related herein, they are related in substance and in part, rather than verbatim. This affidavit does not provide each and every detail known by your affiant regarding this investigation, but rather provides information

1

necessary to establish probable cause for the arrest of the referenced subjects for the stated offense.

4. On the night of August 7, 2014, and early morning of August 8, 2014, the Sunglass Hut located in Leawood, Kansas was burglarized. A security guard doing door checks discovered the burglary. Approximately $480.00 cash was taken from the cash register, and approximately 594 pairs of sunglasses valued at an estimated $96,000.00 were also taken.

5. In addition to the Sunglass Hut burglary, in the early morning hours of August 9, 2014, a burglary occurred at a Radio Shack in Chesterfield, Missouri. A witness exiting an adjoining business, who may have interrupted the burglary, reportedly observed two hooded/masked individuals in the store and a third person inside a vehicle. The vehicle was described as a dark colored Durango or Ford Expedition-type SUV. A small amount of cash was reportedly taken in that burglary.

6. On August 10, 2014, at approximately 8:10 AM CST, the Federal Bureau of Investigation ("FBI"), Nashville Office, received information from the FBI, New Haven, Connecticut Office, of a possible burglary at a Radio Shack located at 209 South Royal Oaks Boulevard in Franklin, Tennessee. Pursuant to an ongoing investigation in that district, agents had previously obtained a court order authorizing agents to obtain cell tower location information on a phone known to be utilized by PEREZ.

7. FBI Special Agents from Nashville responded to the Radio Shack and discovered the front door of the business was damaged and the cylinder lock was on the ground. The Franklin Police Department ("FPD") was called and responded to the scene.

2

Upon further investigation by the FPD, it was determined that a burglary had occurred and numerous smartphones had been stolen.

8. The FBI in New Haven provided information that the suspects were possibly at a Super 8 Motel located at 6924 Charlotte Pike in Nashville, Tennessee. The FBI in New Haven stated that one of the individuals, who they identified as PEREZ, had outstanding arrest warrants from the state of New Jersey and provided a photograph of PEREZ.

9. FBI agents, along with the Metropolitan Nashville Police Department investigators, responded to the Super 8 Motel and identified room 130 as a possible location for the suspects. Agents learned from motel management that the room was rented in the name of Rodriguez-HERNANDEZ. A "knock and talk" was conducted, and a subject answered the door that investigators immediately recognized as PEREZ. PEREZ was taken into custody, and two (2) other individuals, DIAZ and Rodriguez-HERNANDEZ, were detained for investigation. Agents thereupon conducted a brief protective sweep of the room to ensure that no other persons were inside who could pose a threat to the agents or destroy evidence.

10. Thereafter, agents attempted to interview PEREZ inside the room, at which time agents observed in plain view what appeared to be several unopened boxes of smartphones on the floor of the room stacked underneath a desk.

11. A state search warrant was subsequently obtained authorizing investigators to search the motel room and a black Toyota Sequoia vehicle parked outside the room that was associated with PEREZ, DIAZ, and Rodriguez-HERNANDEZ. During the execution of the search warrant, the smartphones observed underneath the desk,

3



totaling forty-eight (48), were recovered and confirmed to be the smartphones stolen earlier from the Franklin Radio Shack. Five additional phones were recovered from the three suspects. According to store officials, approximately fifty (50) smartphones in total were stolen in the burglary with a loss value of approximately $28,000.

12. Additionally, during the search, agents located a large plastic bin that contained several hundred pairs of assorted sunglasses, labeled with barcode/price stickers. A sampling of several of the recovered sunglasses revealed that the sunglasses had been stolen during the burglary of the referenced Sunglass Hut on the night of August 7th and 8th, 2014 in Leawood, Kansas. Again, as provided by store officials, the estimated value of the stolen sunglasses is approximately $96,000. According to FBI agents in New Haven, PEREZ'S phone pinged off a cell tower within a mile of the Sunglass Hut and the Radio Shack near the time of the respective break-ins.

13. Agents and investigators spoke with PEREZ and DIAZ. Under *Miranda*, PEREZ admitted, in part, that the referenced vehicle belonged to the three suspects. Similarly, under *Miranda*, DIAZ acknowledged that the three suspects had been together since leaving Florida. Of note, cell tower information obtained by agents revealed that PEREZ'S phone had moved from Florida to the Kansas City, Kansas area in the days immediately before the Sunglass Hut theft. During the interviews, neither of the suspects admitted any involvement in the business burglaries and thefts.

14. In connection with the investigation, the three suspects were charged with several state offenses, including Burglary, Theft over $10,000.00, Possession of Stolen

4

Property over $60,000.00, and Possession of Burglary Tools. PEREZ was also charged with being a Fugitive from Justice. None of the three suspects have any known associations with the Middle Tennessee area.

15. On August 14, 2014, FPD investigators obtained a state search warrant which authorized the search of a Garmin GPS device that was located in and seized from the referenced black Toyota Sequoia associated with PEREZ, DIAZ, and Rodriguez-HERNANDEZ. The Toyota Sequoia was determined to have been previously rented in Miami, Florida in the name of DIAZ on July 24, 2014, and was due to be returned on July 30, 2014. The search of the Garmin GPS device confirmed travel in Kansas, Missouri, and Middle Tennessee during the relevant time periods referenced herein.

16. Based on the foregoing facts, your affiant submits that there is probable cause to believe that PEREZ, DIAZ, and Rodriguez-HERNANDEZ have committed the offense of Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Sections 2314 and 2.

Further affiant sayeth not.

_____
Darren J. Barnes
Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this 22nd day of August 2014.

_____
JULIET GRIFFIN
United States Magistrate Judge

5